UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PIERRE QUINCY PULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-0936-WTL-DKL |
| | ) |
| UNITED STATES GOVERNMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Insufficient Claims and Show Cause Order**

**I. Background**

On June 19, 2015, this Court screened the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it because the plaintiff failed to set forth an adequate factual basis for his claim. The Court directed the plaintiff to show cause why this action should not be dismissed.

On July 20, 2015, the plaintiff filed a response to the show cause order setting forth factual allegations in support of his complaint. In the show cause response, the plaintiff alleges that National Labor Relations Board ("NLRB") Regional Director Rik Lineback,.in conjunction with his former employer Amazon, and its law firm Littler Mendelson, conspired to "defeat or dismiss my claims under the National Labor Relations Act (NLRA. . . )." The plaintiff further alleges that Mr. Lineback provided information to Amazon and Littler Mendelson that led to a break-in of his vehicle in September of 2012 wherein the radio was stolen. The plaintiff also alleges that Mr. Lineback conspired with the Indianapolis District Director of the Equal Employment Opportunity Commission ("EEOC") to dismiss his claims of retaliation filed with both the EEOC and the NLRB.

## II. Insufficient Claims

**a**.     First, any claims related to the decision of the NLRB must **be dismissed** as outside the jurisdiction of this Court. Any appeal of a decision of the NLRB must be taken to an appropriate United States Court of Appeal. *See* www.nlrb.gov/what-we-do/decide-cases

**b.**     Construed liberally, the complaint against the United States Government and the National Labor Relations Board can be understood to assert a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. ("FTCA"). However, the only proper defendant in an action pursuant to the FTCA is the United States itself. *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982). If treated as against the Regional Director of the NLRB in his official capacity, the action is in all respects other than name against the United States. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). The plaintiff claims damages resulting from the break-in of his vehicle in September of 2012 [dkt. 5, at pp. 2-3]. The FTCA contains a two-year statutory filing deadline. *See* 28 U.S.C. § 2401(b). Because the plaintiff's notice of tort claim was filed on October 24, 2014, [dkt. 1, at pg. 3-4], any damages that allegedly resulted from this portion of his claim are untimely and **dismissed**. An untimely tort claim is forever barred against the United States. *Id*.

**c.**     Finally, the plaintiff's complaint includes claims against Littler Mendelson and Amazon under Indiana state law. Normally, when "all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos., Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994). The customary rule will be followed here. To the extent that the plaintiff intends to assert state law claims, such claims are **dismissed**.

### III. Further Proceedings

This resolves all of the claims alleged in the show cause response. The dismissal of the claims will not, in this case, lead to dismissal of the action at this time. Instead, the plaintiff shall have **through August 31, 2015,** in which to file show cause why this action should not be dismissed. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED**.

Date: 8/3/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Pierre Quincy Pullins
1227 North Rural Street
Indianapolis, IN 46201